United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNE MARIE LYON, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>W. W. GRAINGER INC., and Does 1 through 50, inclusive,<br><br>Defendants. | No. C 10-00884 WHA<br><br>**ORDER DENYING PETITION FOR CERTIFICATION PURSUANT TO 28 U.S.C. 1292(b) FOR INTERLOCUTORY APPEAL AND VACATING HEARING** |

**INTRODUCTION**

In this putative employment law class action, plaintiff Anne Lyon petitions for certification of three issues pursuant to 28 U.S.C. 1292(b) for interlocutory appeal to the Court of Appeals for the Ninth Circuit. None of the issues involves a controlling question of law whose resolution could materially affect the outcome of litigation in this Court. Because this is an essential requirement for certification, plaintiff's request is **DENIED**.

**STATEMENT**

On January 29, 2010, plaintiff filed her complaint in the Superior Court of San Mateo. She sought the following: (1) unpaid overtime wages, (2) penalties under California Labor Code Sections 203, 210, 226.3, 558, and 1174.5, (3) attorney's fees, (4) payment of taxes owed, and (5) an injunction preventing defendant from continued violations of the California Labor Code.

Later, defendant removed this action based on diversity. Plaintiff then moved to remand, arguing that her claims did not meet the amount in controversy necessary for diversity jurisdiction. The April 29 order denying the motion found that defendant had established that the amount met the jurisdictional threshold. The order found that preponderance of the evidence was the standard for defendant's burden of proof, despite plaintiff's arguments for applying the legal certainty standard. The order further stated that even if the legal certainty standard were extended to diversity cases, the outcome would remain. Plaintiff still did not successfully allege that the total amount in controversy was less than $75,000. She did not include the financial burden of taxes and injunctive relief against defendant. Penalties also should have been included.

Using a conservative estimate as to the overtime hours per week that plaintiff worked, the order found that the pay owed for overtime and missed breaks, taxes, penalties, and attorney's fees amounted to about $89,661.69. This clearly met the jurisdictional threshold. Adding in the value of the injunction, moreover, placed the amount in controversy over $100,000. The order also noted that using slightly higher and less conservative estimates of overtime hours would dramatically increase the amount in controversy and could possibly satisfy the threshold alone.

On May 7, plaintiff requested to certify one or more of the following questions for interlocutory appeal:

> (1) Does the "legal certainty" standard, as enunciated in *Lowdermilk v. United States National Bank Association*, 479 F.3d 994 (9th Cir. 2007), apply in an action removed solely under diversity jurisdiction pursuant to 28 U.S.C. 1332(a) and not removed pursuant to The Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. 1332(d), where the complaint specifically limits plaintiff's "amount in controversy" to less than the jurisdictional minimum?
>
> (2) May a district court attribute a pro rata share of injunctive relief as part of the "amount in controversy" where injunctive relief is not the primary object of the litigation (*Kanter v. Warner-Lambert Co.*, 265 F.3d 853 (9th Cir. 2001)) and plaintiff, as a former employee, does not have standing to seek injunctive relief under Article III of the United States Constitution?
>
> (3) May a district court include both the total amount of plaintiff's potential wages and penalties, as well as the amount of taxes plaintiff must pay from those very same

2

wages in the form of deductions, as part of an alleged "amount in controversy?"

## ANALYSIS

1. **LEGAL STANDARD.**

28 U.S.C. 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order."

28 U.S.C. 1292(b). A district court must find that the certification requirements of the statute have been met. These requirements are: "(1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982). Even if these three requirements are satisfied, a district court still has discretion in deciding whether or not to grant a party's motion for certification. The party seeking certification for interlocutory appeal has the burden of showing that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Ibid*.

A question of law is controlling if its resolution on appeal "could materially affect the outcome of litigation in the district court." *Ibid.* A question may be controlling even though its resolution does not determine who will prevail on the merits. But it is not controlling simply because its immediate resolution may promote judicial economy.

Material advancement of the ultimate termination of the litigation has not been expressly defined. In one case, the court determined that immediate appeal would not materially advance the ultimate termination of litigation where the appeal might postpone the scheduled trial date. *See Shurance v. Planning Control Int'l, Inc.* 839 F.2d 1347, 1348 (9th Cir. 1988).

3

**2. APPLICATION.**

**A. Plaintiff's First Question for Certification.**

Plaintiff requests to certify the following question for interlocutory appeal: Does the legal certainty standard apply in an action removed solely under diversity jurisdiction and not removed pursuant to CAFA, where the complaint specifically limits plaintiff's amount in controversy to less than the jurisdictional minimum?

Certification is unwarranted. The April 29 order specifically stated that whether it applied the preponderance-of-the-evidence standard or the legal certainty standard, the result would be the same (Dkt. No. 30). Under both standards, plaintiff did not successfully allege on the face of the complaint that the total amount in controversy was less than $75,000. She did not include the financial burden of taxes and injunctive relief against defendant in her calculations.[1] The ambiguity of her complaint necessarily called for the application of the preponderance-of-the-evidence standard, regardless of whether the legal certainty standard could apply to actions removed under diversity jurisdiction. The resolution of this question on appeal would not materially affect the outcome of litigation and is therefore not controlling.

Plaintiff contends that the issue is controlling because if the Ninth Circuit were to find that defendant's burden was to show jurisdiction to a legal certainty, the action would have to be remanded to state court. She cites *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696 (9th Cir. 2007), to assert that the Ninth Circuit has left this question open for another day. The question may be open, but it is irrelevant as applied here.

Plaintiff also argues that a decision by the Ninth Circuit would materially advance, if not end, the litigation in this forum. Given the reasoning in the April 29 order, this argument fails as well. The order, again, stated that the jurisdictional threshold is met under both the legal certainty and preponderance-of-the-evidence standards. Certifying this question for

---

[1] Plaintiff refutes the April 29 order's finding that she did not include taxes and injunctive relief in her calculation of the "amount in controversy". The complaint, however, only states that the amount in controversy includes "damages, restitution, penalties and pro rata share of statutory attorney fees for the named Plaintiff" not exceeding $75,000 (Dkt. No. 43).

4

interlocutory appeal, therefore, would inevitably delay the proceedings that would take place regardless of which standard is used.

Plaintiff further states that a substantial basis for difference of opinion exists because the Ninth Circuit has not specifically ruled out the potential application of the legal certainty standard to actions not removed under CAFA. Given that two-out-of-three requirements under Section 1292(b) are not met, addressing this contention is unnecessary.

### B. Plaintiff's Second Question for Certification.

Plaintiff also requests to certify the following question: May a district court attribute a pro rata share of injunctive relief as part of the amount in controversy where injunctive relief is not the primary object of the litigation and plaintiff, as a former employee, does not have standing to seek injunctive relief under Article III of the United States Constitution?

This is not a controlling question of law because it would not materially affect the outcome of litigation. Although the April 29 order stated that the inclusion of a pro rata share of injunctive relief in determining the amount in controversy would be proper, it found the jurisdictional requirement satisfied without including this figure. Adding up just the amounts owed for overtime ($15,908.30), missed breaks ($11,937.51), penalties ($22,800) and attorney's fees ($28,846.15) resulted in a total of $79,491.96. The threshold was thus met without factoring in injunctive relief.[2]

Plaintiff contends that the inclusion of injunctive relief in determining the amount in controversy is improper when injunctive relief is not the primary object of the litigation. She also argues that because she lacks standing to seek injunctive relief, it has no value to her and should not be included. These arguments have no bearing here. Even if found true, they would have no effect. The jurisdictional threshold was met without the inclusion of injunctive relief, and therefore this question is not a controlling issue of law. Consideration of whether or

---

[2] Plaintiff argues that zero dollars, rather than $28,846.15, in attorney's fees should have been included in the amount in controversy. She asserts that doing this would reduce the amount in controversy to under $75,000 (Dkt. No. 43). The April 29 order explicitly rejected plaintiff's arguments against the addition of attorney's fees, finding the $28,846.15 to be reasonable (Dkt. No. 30).

5

not the question has substantial grounds for difference of opinion or would materially advance litigation is unnecessary, since the first requirement for certification is not met.

### C. Plaintiff's Third Question for Certification.

Finally, plaintiff requests that a third question be certified: May a district court include both the total amount of plaintiff's potential wages and penalties, as well as the amount of taxes plaintiff must pay from those very same wages in the form of deductions, as part of an alleged amount in controversy?

The same analysis applied in Part B applies here. This is not a controlling question of law because its resolution would have no material effect on the outcome of litigation. As calculated above, the addition of the amounts owed for overtime and missed breaks, penalties, and attorney's fees totals $79,491.96, which meets the jurisdictional threshold without the inclusion of plaintiff's taxes from her potential wages and penalties.

Plaintiff disputes that taxes should be included in the amount in controversy at all (Br. at 11). The Ninth Circuit has ruled that taxes should be included in the amount in controversy when the plaintiff requests them as a remedy, directly negating plaintiff's point. *Guglielmino,* 506 F.3d at 701.

Moreover, plaintiff argues that the taxes defendant would pay on wages should not be added on top of wages to determine the amount in controversy, but rather that those taxes should be deducted from the amount plaintiff would receive as damages. Plaintiff provides no authority for this contention.

Again, the jurisdictional threshold is met without including taxes. Resolution of plaintiff's question would have no material effect on the outcome of litigation. Although plaintiff asserts that both difference of opinion and potential for material advancement exist, she provides no support for these claims. The absence of a controlling issue of law here is fatal to her request.

Overall, plaintiff has failed to demonstrate exceptional circumstances justifying a departure from the basic policy of postponing appellate review until after final judgment. Even considered cumulatively, the questions posed do not warrant certification for interlocutory

appeal. Plaintiff's vague statement of the amount in controversy necessitates the application of the preponderance-of-the-evidence standard, and the jurisdictional threshold is met without the inclusion of injunctive relief or taxes.

## CONCLUSION

For the foregoing reasons, plaintiff's request for an order certifying issues pursuant to 28 U.S.C. 1292(b) for interlocutory appeal is **DENIED**. The hearing scheduled for June 24, 2010, is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: June 15, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE